IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:23CR188-2 |
| v. | : | |
| ALDER ALFONSO MARIN SOTELO | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Randall S. Galyon, Acting United States Attorney for the Middle District of North Carolina, and the defendant, ALDER ALFONSO MARIN SOTELO, in his own person and through his attorney, Helen L. Parsonage, and state as follows:

1. The defendant, ALDER ALFONSO MARIN SOTELO, is presently under Indictment in case number 1:23CR188-2, which charges him with a violation of Title 18, United States Code, Section 371, conspiracy to assist or instigate escape.

2. The defendant, ALDER ALFONSO MARIN SOTELO, will enter a voluntary plea of guilty to the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

   a. The defendant, ALDER ALFONSO MARIN SOTELO, understands that as to the Indictment herein, he shall be sentenced to a term

of imprisonment of not more than five years, a fine not to exceed $250,000, or both. If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, ALDER ALFONSO MARIN SOTELO, the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled Sentence of Fine. Any sentence imposing a term of imprisonment shall impose a term of supervised release of at least three years in addition to such term of imprisonment.

    b.  The defendant, ALDER ALFONSO MARIN SOTELO, further understands that the sentence to be imposed upon him is within the discretion of the sentencing court subject to the statutory maximum penalties set forth above. The sentencing court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant

factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

c. The defendant, ALDER ALFONSO MARIN SOTELO, understands that if he is not a citizen of the United States that entering a plea of guilty may have adverse consequences with respect to his immigration status. The defendant, ALDER ALFONSO MARIN SOTELO, nevertheless wishes to enter a voluntary plea of guilty regardless of any immigration consequences his guilty plea might entail, even if such consequence might include automatic removal and possibly permanent exclusion from the United States. The defendant, ALDER ALFONSO MARIN SOTELO, further understands that in the event he is a naturalized citizen, entering a plea of guilty may result in denaturalization proceedings being instituted against him leading to his removal and possible permanent exclusion from the United States.

3. By voluntarily pleading guilty to the Indictment herein, the defendant, ALDER ALFONSO MARIN SOTELO, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, ALDER ALFONSO MARIN SOTELO, is going to plead guilty to the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, ALDER ALFONSO MARIN SOTELO, qualifies for a 2-level decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

b. The defendant, ALDER ALFONSO MARIN SOTELO, hereby abandons interest in, and consents to the official use, destruction, or other disposition of each item seized and/or maintained by any law enforcement agency during the course of the investigation, unless such item is specifically provided for in another section of this plea agreement. The defendant, ALDER ALFONSO MARIN SOTELO, waives any and all notice of any proceeding to implement the official use, destruction, or other disposition of such items.

c. The defendant, ALDER ALFONSO MARIN SOTELO, waives all rights, whether asserted directly or through a representative, to request or receive from any department or agency of the United States any record pertaining to the investigation or prosecution of this case under the authority of the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, and all subsequent amendments thereto.

d. Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence ordinarily limit the admissibility of statements made by a defendant during the course of plea proceedings. The defendant, ALDER ALFONSO MARIN SOTELO, knowingly and voluntarily waives the protections of these rules as it relates to plea proceedings. If the defendant, ALDER ALFONSO MARIN SOTELO, pleads guilty and later seeks to withdraw such guilty plea (or seeks to directly appeal or collaterally attack such conviction), any statement made at the plea proceedings in connection with such plea, and any leads derived therefrom, shall be admissible for any and all purposes.

6. The defendant, ALDER ALFONSO MARIN SOTELO, agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the

schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. The defendant, ALDER ALFONSO MARIN SOTELO, agrees that his debt resulting from the criminal monetary penalties due under the criminal judgment will be submitted to the Treasury Offset Program even if he is current in his payments under any Court imposed payment schedule.

8. It is further understood that the United States and the defendant, ALDER ALFONSO MARIN SOTELO, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

9. The defendant, ALDER ALFONSO MARIN SOTELO, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This, the 27 day of JUNE, 2025.

RANDALL S. GALYON
Acting United States Attorney

HELEN L. PARSONAGE
Attorney for Defendant

NICOLE R. DUPRÉ
NCSB #41214
Assistant United States Attorney
251 N Main Street, Suite 726
Winston-Salem, NC 27101
336/333-5351

ALDER ALFONSO MARIN SOTELO
Defendant

MAD